**KENTUCKY BAR ASSOCIATION,**
Movant

v.

**Richard Lee WALLS, Respondent.**

**No. 2013–SC–000621–KB.**

Supreme Court of Kentucky.

Nov. 21, 2013.

## OPINION AND ORDER

JOHN MINTON, JR., Chief Justice.

A trial commissioner has recommended that Richard Lee Walls receive a 181–day suspension from the practice of law, with 30 days to be served and the remaining 151 days conditionally probated, for his alleged violations of Supreme Court Rule ("SCR") 3.130–1.3, SCR 3.130–1.4(a)(4), SCR 3.130–. 1.16(d), and SCR 3.130–8.1(b). Walls, whose Kentucky Bar Association ("KBA") number is 87223 and whose last known bar roster address is 327 W. 9th Street, Owensboro, KY 42303, was admitted to the practice of law in the Commonwealth of Kentucky on May 5, 1998.

In 2010, Rogelio Hernandez retained Walls to represent him in a child custody matter. After receiving a payment of $1,500.00, Walls never communicated with Mr. Hernandez and failed to appear in court on his behalf. Walls also neglected to return Mr. Hernandez's phone calls, later changing his telephone number and moving his office without ever contacting his client. That same year Dennis DiCristo retained Walls to represent him in a divorce proceeding. After paying Walls a $300.00 partial retainer, Mr. DiCristo made various efforts to contact Walls. Walls never returned Mr. DiCristo's phone calls, nor did he refund Mr. DiCristo's $300.00 after failing to do any work on his case.

The Inquiry Commission ("Commission") issued a complaint relating to Mr. DiCristo's case and served Walls by sheriff on March 7, 2011. Although the Complaint advised Walls that failure to respond to the complaint could result in additional charges pursuant to SCR 3.130–8.1, Walls failed to respond to the Complaint and the subsequent reminder letter. The Commission issued a separate complaint relating

to Mr. Hernandez's case and served Walls by sheriff on June 24, 2011.. Despite receiving the complaint and the reminder letter, Walls never responded.

The four-count charge issued against Walls alleged violations of SCR 3.130–1.3 for failing to diligently represent his client; SCR 3.130–1.4(a)(4) for failing to respond to his client's requests for information; SCR 3.130–1.16(d) for failing to return an unearned portion of a fee to his client, and for abandoning his client without notice; and SCR 3.130–8.1(b) for failing to respond to a bar complaint.

The Hernadez and DiCristo files were consolidated pursuant to SCR 3.260. The Disciplinary Clerk assigned a trial commissioner to the case pursuant to SCR 3.230. Walls, through counsel, filed answers wherein he denied failing to communicate with Mr. Hernadez and Mr. DiCristo, further claiming that Mr. DiCristo never "completed his financial obligations precedent." Walls did, however, admit to accepting $1,500.00 from Mr. Hernadez and failing to respond to the subsequent bar complaints. After a hearing date was set and exhibits and witness lists were submitted, counsel for Walls withdrew. Thereafter, Walls stopped participating in the disciplinary process. The Disciplinary Clerk then moved the trial commissioner to cancel the hearing and decide the case on the record. The trial commissioner sustained the motion, advising Walls that he could submit a brief within 30 days of the entry of that order. No briefs were filed, and the matter was submitted to the trial commissioner pursuant to SCR 3.360.[1]

■ The trial commissioner found Walls guilty of the misconduct alleged in the consolidated file and recommended that he be suspended from the practice of law for 181–days, with 30 days to be served and the remainder probated on the condition that Walls refund the unearned fees to Mr. Hernandez and Mr. DiCristo. Neither Walls nor Bar Counsel has filed a notice for this Court to review the trial commissioner's decision as allowed under SCR 3.360(4).[2] This Court elects not to review the recommendation of the trial commissioner as allowed under SCR 3.370(8), as the trial commissioner's findings and conclusions are supported by the record and the law. *See Kentucky Bar Association v. Thornton,* 392 S.W.3d 399 (Ky.2013) (finding that a 181–day suspension was the appropriate sanction for an attorney who did virtually nothing to pursue a client's claim); *Bock v. Kentucky Bar Association,* 336 S.W.3d 105 (Ky.2011) (imposing a 181–day probated sentence on an attorney who accepted a fee and then failed to adequately communicate with his client). The decision of the trial commissioner is adopted pursuant to SCR 3.370(9). Accordingly, it is hereby ORDERED:

1. Richard Lee Walls is found guilty of the misconduct alleged against him;

2. Walls is suspended from the practice of law in the Commonwealth of Kentucky for 181 days, with 30 days to be served and the remainder probated upon his compliance with the conditions contained in this Order;

3. Walls is directed to repay $300.00 in fees to Dennis DiCristo, and to repay

**1.** SCR 3.360 provides, in pertinent part: "(1) When a disciplinary proceeding has been finally submitted, the Trial Commissioner shall promptly file with the Disciplinary Clerk a written report setting forth his/her findings of fact and conclusions of law as to whether a violation of the rules has occurred."

**2.** The case is before this Court pursuant to SCR 3.360(4) and 3.370(9).

$1,500.00 in fees to Rogelio Hernandez, within 181 days of the entry of this Order;

4. Walls is not to receive any additional disciplinary charges issued against him by the Inquiry Commission within 181 days of the entry of this Order;

5. In accordance with SCR 3.450 and SCR 3.480(3)(b), Walls is directed to pay all costs associated with this disciplinary proceeding, said sum being $486.92, and for which execution may issue from this Court upon finality of this Opinion and Order;

6. If Walls fails to comply with any of the above conditions during the 181–day period following the entry of this order, then, upon motion of the KBA Office of Bar Counsel, the remaining 151–day suspension from the practice of law shall be imposed.

All sitting. All concur.