TO BE PUBLISHED

# Supreme Court of Kentucky

## 2017-SC-000387-KB

JOSEPH DELANO WIBBELS, JR.                                    MOVANT


V.                              IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                    RESPONDENT


### OPINION AND ORDER

Joseph Delano Wibbels, Jr.,[1] moves this court for suspension from the practice of law under Supreme Court Rule (SCR) 3.480(2). The parties have agreed to a negotiated sanction to resolve this disciplinary action. An agreement between the parties sets forth a suspension from the practice of law for 181 days, with 30 days to serve, and the remainder probated for a period of 5 years, subject to the conditions set forth below, with Wibbels paying all costs.

---

[1] Wibbels was admitted to the practice of law on October 18, 1996. His KBA Number is 83637 and his Bar Roster address is 1427 South 2nd Street, Apt. 10, Louisville, Kentucky 40208.

# I.  KBA INFRACTION FILES.

**A.**      **KBA File No. 18808.**

Gary Scott hired Wibbels on February 24, 2010, paying a $500.00 retainer for assistance with an employment matter. Wibbels ended up writing a single letter on behalf of Scott. It is undisputed that Scott had significant trouble reaching Wibbels, including missing an appointment that had been scheduled, for which Scott traveled from Owensboro to Louisville to attend.

Wibbels sent an e-mail to Scott explaining he had missed the meeting because of health issues and offered to return Scott's documents. Scott requested that Wibbels return all of the case files and a refund of the $500.00 payment. Wibbels did not return the money.

Wibbels initially told Office of Bar Counsel (OBC) that the $500.00 was a flat fee to write the single letter and that he had a non-refundable fee agreement to corroborate this. He failed to provide any evidence of this letter and later re-characterized the fee as a flat fee and offered to create a time log, which he failed to do. Wibbels was served with a Bar Complaint and a reminder letter; he failed to respond to the Complaint.

The Inquiry Commission charged Wibbels with violating SCR 3.130(1.3) (lack of diligence), (1.4)(a)(3) (failure to keep client reasonably informed), (1.4)(a)(4) (failure to promptly comply with reasonable requests for information), (1.16)(d) (failure to return client's documents and refund any unearned fee on termination of representation), and (8.1)(b) (failure to respond to lawful demand for information from a disciplinary authority). Wibbels concedes he failed to comply with these rules.

## B. KBA File No. 18813

Tiffanie Hunter hired Wibbels on or about February 1, 2010, with regard to a complaint against her employer. Hunter paid Wibbels $100.00 to write a letter to her employer, which was to go out within a week, with a copy sent to her. Hunter never received a copy of the letter.

Hunter then hired Wibbels to appear for her at an unemployment hearing. Wibbels accepted the case and said it would be a total $500.00, applying her previous $100.00 payment to the total. Wibbels failed to submit a representation letter on Hunter's behalf and further failed to return her file and unearned fee. Wibbels failed to provide the OBC any documents in response to allegations of the Complaint. As further conceded by Wibbels, he failed to respond to the Bar Complaint levied against him.

The Inquiry Commission issued a 4-count Charge, asserting violations of SCR 3.130(1.2) (scope of representation); (1.3) (lack of diligence), (1.16)(d) (failure to return a client's documents and refund unearned fee on termination of representation), and (8.1)(b) (failure to respond to lawful demand for information from a disciplinary authority). Wibbels concedes he failed to comply with these rules.

## C. KBA File No. 19052

On or about January 16, 2010, Stacey Russell sought Wibbels's assistance in an employment matter. Wibbels informed Russell that he would reach out to her if he needed further information, and took no further action on the case. Russell left her name at Wibbels's office while he was out sick in the hospital, and he never returned her call. Wibbels admits he never spoke to

3

Russell after the initial contact, and further failed to respond to the corresponding Bar Complaint.

The Inquiry Commission issued a 4-count Charge, charging Wibbels with violating SCR 3.130(1.3) (lack of diligence), (1.4)(a)(4) (failure to promptly comply with reasonable requests for information), (1.16)(d) (failure to return client's papers on termination of representation), and (8.1)(b) (failure to respond to lawful demand for information from a disciplinary authority). Wibbels concedes he failed to comply with these rules.

### D. KBA File No. 19061

On or about July 3, 2010, Wibbels was hired by Kimberly Marlett in connection with her divorce. Marlett gave Wibbels a $2,500.00 check and authorized him to charge $2,500.00 on her credit card. On the initial credit card transaction, the amount of $5,000.00 was accidently taken, creating a total of $7,500.00 given to Wibbels.

Marlett requested a $5,000.00 refund since the original fee was going to be $2,500.00 up front. On July 19, 2010, Wibbels issued a check to Marlett for $2,500.00, which was returned for insufficient funds. On July 20, 2010, another $5,000.00 was withdrawn from Marlett's credit card by Wibbels's office, creating a total payment of $12,500.00.

Wibbels agreed to make the bad check good and to refund the additional charge to Marlett's credit card, but he failed to do either. Further, he did not file the divorce on Marlett's behalf and did not refund the unearned fee. Marlett disputed the charges to her credit card and received credit for them, but

Wibbels never repaid the initial $2,500.00. Wibbels was served with a Bar Complaint and a reminder letter, but failed to respond to the Complaint.

The Inquiry Commission issued a 4-count Charge against Wibbels for violations of SCR 3.130(1.5)(a) (charging an unreasonable fee), (1.16)(d) (failing to refund unearned fee on termination of representation), (8.1)(b) (failure to respond to lawful demand for information from a disciplinary authority), and (8.4)(c) (dishonest conduct). Wibbels concedes he failed to comply with these rules.

### E. KBA File No. 19680.

On March 19, 2010, Jodie Thompson, Sr., hired Wibbels to represent him in a breach-of-contract claim against his former employer and a breach-of-duty-of-fair-representation claim against his union. They entered into a written agreement, setting forth a $2,500.00 minimum retainer, with "non-refundable" handwritten in parentheses. The agreement further provided for a contingent fee, along with the retainer, and an hourly billing rate of $175.00 per hour, or a contingent fee of 25 percent (if settled prior to litigation) or 33 percent (if settled after the filing of a dispositive motion or after the commencement of trial).

Thompson paid $2,500.00 on March 19, 2010. He paid an additional $3,500.00 on September 6, 2010, in connection with the same case. After receiving these funds, Wibbels began representing the National Association of Government Employees, an SIU union. Wibbels determined that he could not represent Thompson because of this conflict, and he told Thompson that he would find another attorney to take the case.

5

Unable to reach Wibbels, Thompson contacted the court and learned that his case had been dismissed. Thompson had to retrieve all his papers from the court because Wibbels failed to provide Thompson's new attorney a copy of the file. Further, Wibbels acknowledged a large portion of the fee Thompson paid him was unearned. Wibbels failed to respond when asked by the Office of Bar Counsel why he had not refunded the unearned portion of the fee or to provide proof if any refund had been made. He also failed to respond to the Office of Bar Counsel when it inquired as to whether Wibbels had provided a copy of Thompson's file to his new counsel.

The Inquiry Commission issued a 6-count Charge against Wibbels, charging him with violations of SCR 3.130(1.4)(a)(3) (failure to keep client reasonably informed), (1.5)(a) (charging an unreasonable fee), (1.7)(a) (conflict of interest), (1.5)(e) (failure to deposit advance, unearned fees into an escrow account), (1.16)(d) (failure to refund unearned fee and provide copy of file to successor counsel), and (8.1)(b) (failure to respond to lawful demand for information from a disciplinary authority). Wibbels concedes he failed to comply with these rules.

## II. ANALYSIS

The matter before the Court today was previously submitted to us but was remanded on August 24, 2014. In our Order, we expressed concern that we had been provided inadequate information about Wibbels's psychological diagnosis of bi-polar disorder. More specifically, we were concerned that the KYLAP program would take longer than the 30 days Wibbels was required to serve as a suspension under the terms of the prior submission. We are

6

satisfied that Wibbels has now provided us with sufficient information to allow us to rule confidently on this disciplinary matter.

All the instances of misconduct in the record occurred during a time when Wibbels was experiencing a manic episode caused by his bi-polar disorder. Following this manic episode Wibbels experienced a period of depression before seeking professional help.

Since undergoing professional care, Wibbels has not suffered a manic episode—a span of almost 6 years. Wibbels takes medication regularly, participates in counseling sessions, attends a bi-weekly bi-polar support group, and maintains a mood journal that keeps him aware of his moods.

These strategies have apparently been effective and have allowed Wibbels to practice law. Wibbels has received no new disciplinary charges during the pendency of this matter.

Wibbels and the KBA have agreed on the punishment to be levied in this case.

Accordingly, the Court ORDERS:

(1) Wibbels must repay the total sum of $9,500.00 as follows: $500.00 to Gary Scott; $500.00 to Tiffanie Hunter; $2,500.00 to Kimberly Marlett; and $6,000.00 to Jodie Thompson, Sr. Payments must begin no later than 30 days after the entry of this Court's Order, and the full amount must be refunded to each party not later than 1 year from the date of the rendition of this order, with Wibbels providing proof of repayment to the OBC on or before that date;

7

(2) Wibbels must enter into a Supervision Agreement with the Kentucky Lawyer Assistance Program (KYLAP) and must fully comply with any recommendations that may result from such an evaluation. Within 30 days of the date of rendition of this Court's Order, Wibbels must

(a) furnish to OBC an authorization allowing it to discuss with representatives of KYLAP his compliance with the terms of the Supervision Agreement; and

(b) provide quarterly reports demonstrating compliance;

(3) Wibbels must attend and successfully complete the Ethics and Professionalism Enhancement Program (EPEP), which is presented annually by the OBC. Successful completion requires Wibbels to pass the test given at the conclusion of the program. This must be done at Wibbels's cost and without CLE credit for participation in EPEP. Wibbels must execute and provide the necessary authorization for the Office of Bar Counsel to communicate with the CLE Commission to ensure Wibbels does not attempt to claim CLE credit for the program;

(4) Wibbels must receive no other disciplinary charges by the Inquiry Commission during the period of his probation; and

(5) Wibbels must pay all costs associated with this discipline.

(6) If Wibbels fails to comply with any of the terms of the discipline set forth in this Order, upon motion by the OBC, the Court may impose the remaining 151-day period of suspension, which will result in a total suspension of 181 days. Such a time period would require Wibbels to

8

apply for reinstatement through the Character and Fitness Committee under SCR 3.505 and SCR 3.510.

All sitting. All concur.

ENTERED: September 28, 2017.

_____
CHIEF JUSTICE JOHN D. MINTON, JR.