TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0388-KB

MAUREEN ANN SULLIVAN                                                    MOVANT

V.                                  IN SUPREME COURT

KENTUCKY BAR ASSOCIATION                                        RESPONDENT

## OPINION AND ORDER

Maureen Ann Sullivan, whose bar roster address is 239 S. 5th St., Suite 1700, Louisville, KY 40202-3248, KBA Member Number 84041, moves this Court, pursuant to Supreme Court Rule (SCR) 3.480(2), to impose a sanction of a 181-day day suspension, with 90 days to serve and 91 days probated for two years with conditions. The Kentucky Bar Association (KBA) has no objection to Sullivan's request. For the following reasons, the motion is granted.

## I. BACKGROUND

The current case spans three consolidated KBA files. We will address each in turn.

### A. KBA File 19-DIS-0077

In 2016, Sullivan was retained to represent Lennie Dillon on a post-conviction proceeding following his murder conviction. Dillon claims that Sullivan charged him $8,000 for the representation (an allegation disputed by

Sullivan, who claims that she charged a fee of only $1,000). Dillon was convicted of shooting his girlfriend and sentenced to 40 years in prison. This Court upheld his conviction in October 2015, at which point Dillon sought to initiate a proceeding pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42. Sullivan was retained for that action. She did not file the RCr 11.42 motion until three years later in October 2018. In the motion that Sullivan filed, she did not include sufficient reference to the record and provided no substantive arguments for her assertions on behalf of Dillon. She told the trial court that she would append the motion at a later date. Despite receiving a 30-day extension to supplement this motion, Sullivan failed to amend or supplement with any additional information. The trial court subsequently denied Sullivan's motion to vacate the judgment. In the court's denial, it admonished Sullivan's poor work.

After the denial of this motion, the KBA sent a bar complaint to Sullivan. She failed to respond to the complaint by April 16, 2019, the final date on which she could have responded. Sullivan was therefore charged with violating one count each for SCR 1.130(1.3) for violating her duty of diligence, SCR 3.130(1.5)(a) for charging an unreasonable fee, SCR 3.130(3.3)(a)(1) for making a false statement to the tribunal, and SCR 3.130 (8.1)(b) for failing to respond to a disciplinary authority. Sullivan admits to each count except for her alleged violation of SCR 3.130(1.5)(a). The KBA has agreed to dismiss this count.

## B. KBA File 19-DIS-0178

In 2018, Sullivan was retained by another inmate, Chris Walls, for representation on a continued appeal after Walls's original attorney withdrew from his case. Walls specifically requested that Sullivan file a Petition and a Brief for his appeal. In anticipation of Sullivan's service, Walls's sister paid Sullivan $1,750 in March 2018. By August, Walls still had not heard from Sullivan on the progress of his case. His sister requested an update from Sullivan on the filing. After the request for information regarding his case, Sullivan visited Walls at his correctional facility and told him that she was in the process of writing the brief.

Sullivan never filed either the petition or the brief for which she was retained. She never contacted Walls again. She did not return his file or her unearned fee. In November 2019, over a year since her last contact with Walls, the Inquiry Commission charged Sullivan with violating one count each of SCR 3.130(1.3) for a lack of diligence, SCR 3.130(1.4)(a)(3) for failing to communicate with Walls, and SCR 3.130(1.16)(d) for terminating representation without giving notice to the client, refunding payment, or returning papers relating to the representation. Sullivan admits to all three counts.

## C. KBA File 19-DIS-0250

On June 29, 2017, Sullivan was retained by Darryl Grigsby to file a Petition for Writ of Habeas Corpus in federal court. On August 1, 2017, Sullivan filed the Petition against Don Bottom, Warden of Northpoint Training

Center, the institution at which Grigsby was an inmate. Bottom filed his response to the petition on October 28, 2017. Sullivan waited to file her client's reply until March 28, 2019.

On June 7, 2019, Magistrate Judge Colin H. Lindsay recommended Mr. Grigsby's petition be denied and dismissed with prejudice. Sullivan did not alert Mr. Grigsby of the recommendation, nor did she file an objection. Accordingly, on July 9, 2019, Judge Claria Horn Boom entered an Order adopting the Magistrate Judge's recommendation to deny the Petition with prejudice. On July 29, Mr. Grigsby alerted the court that he had been unable to contact his attorney and requested the status of his case. On August 5, 2019, Sullivan filed a Motion to Alter or Amend the Judgment without addressing her failure to file an objection.

Citing Sullivan's failure to timely file an objection or advise him of the status of his case, Mr. Grigsby filed a Notice of Appeal, Motion for Leave to Proceed in Forma Pauperis, and a Motion to Reopen the Case, pro se. Judge Boom then ordered Sullivan to respond to Mr. Grigsby's claims within 14 days. Sullivan failed to do so. Following this failure, Judge Boom issued an Order to Show Cause, ordering Sullivan to respond with cause for why she failed to respond to Judge Boom's order to respond to Mr. Grigsby's claims. Sullivan responded to the Order to Show Cause on November 12, 2019, in which she admitted to her failure to comply with the court's Order. The cause for her failure, she asserts, was that she was busy caring for her ailing mother while dealing with the death of a close friend.

4

On November 21, 2019, Judge Boom granted Mr. Grigsby's Motion to Alter or Amend the Judgment, extensively admonishing Sullivan's poor lawyering in her Order. Sullivan subsequently moved to withdraw on December 20, 2019.

Regarding this representation, the Inquiry Commission charged Sullivan with violating one count each of SCR 3.130(1.3) for a lack of diligence, SCR 3.130(1.4)(a)(3) for failing to communicate with Grigsby, and SCR 3.130(3.4)(c) for disobeying her obligation to respond under the rules of a tribunal. Sullivan admits to all three counts.

## II. ANALYSIS

Sullivan admits that she violated three counts of SCR 3.130(1.3), three counts of SCR 3.130(1.4)(a)(3), one count of SCR 3.130(3.3)(a)(1), one count of SCR 3.130(1.6)(d), and one count of SCR 3.130(3.4)(c). The KBA has agreed to dismiss one count of SCR 3.130(1.5)(a), which was disputed by Sullivan. Prior to this case, Sullivan has received four private admonitions, two disciplinary suspensions, and one administrative suspension. Pursuant to SCR 3.480(2), Sullivan and the KBA have agreed to a negotiated sanction. This Court therefore "approve[s] the sanction agreed to by the parties." *Id.*

In support of the agreed-upon sanctions, the KBA cites to three cases. First, in *Wibbels v. Kentucky Bar Association*, 527 S.W.3d 815 (Ky. 2017), this Court approved a negotiated sanction of a 181-day suspension with 30 days to serve and the remainder probated for five years. Wibbels admitted to 19 violations of SCR 3.130 (including, pertinently, three counts for (1.3) and two

5

counts for (1.4)(a)(3)) across five disciplinary cases. *Id.* at 816, 819. Although his violations were a result of the onset of a manic bi-polar disorder episode, Wibbels, like Sullivan, had a history of disciplinary issues before the 181-day suspension. *Id.* at 818.

Next, the KBA cites *Kentucky Bar Association v. Walls*, 412 S.W.3d 182 (Ky. 2013). There, Walls stopped communicating with his clients after being retained to represent clients in both a child custody matter and a divorce proceeding. *Id.* at 182. He did not refund his unearned fee to either client. *Id.* In so doing, Walls violated SCR 3.130(1.3), (1.4)(a)(3), (1.16)(d), and (8.1)(b). *Id.* at 183. This Court sanctioned Walls with a 181-day suspension with 30 days to be served. *Id.* at 184.

Lastly, the KBA cites *Bock v. Kentucky Bar Association*, 336 S.W.3d 105 (Ky. 2011), in which this Court adopted a negotiated sanction of a 181-day suspension with 90 days to serve. Bock's sanction was given based on violations of SCR 3.130(1.4)(a), (8.4)(b), two counts of (1.3), and three counts of (8.1)(b). *Id.* at 108. The violations occurred across three case files in which Bock did not communicate with clients, was not diligent, and did not respond to bar complaints. *Id.* at 106–08. Additionally, Bock pleaded guilty to a criminal misdemeanor. *Id.* at 109. Bock's violations stemmed from substance abuse issues. *Id.* Thus, as a condition of her sanction, Bock agreed to participate in the Kentucky Lawyer Assistance Program. *Id.*

These cases indicate that a 181-day suspension with 90 days to serve and 91 days probated with conditions is an appropriate sanction for the facts presented in the instant case.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Maureen Ann Sullivan is found guilty of violating three counts of SCR 3.130(1.3), three counts of SCR 3.130(1.4)(a)(3), one count of SCR 3.130(3.3)(a)(1), one count of SCR 3.130(1.16)(d), and one count of SCR 3.130(3.4)(c). Count three of case 19-DIS-0077 for a violation of SCR 3.130(1.5)(a) is dismissed.

2. Sullivan is suspended from the practice of law in Kentucky for a period of one-hundred-eighty-one (181) days with ninety-one (91) days to be probated for a period of two years, subject to the following conditions.

3. Sullivan shall not receive any additional disciplinary Charges in the next two years.

4. Sullivan shall refund the unearned fee of $1,750 to Chris Walls and return his file in KBA File 19-DIS-0178.

5. Sullivan shall timely pay her Kentucky Bar Association membership dues.

6. Sullivan shall timely satisfy all continuing legal education requirements.

7. Sullivan shall pay all costs associated with the investigation and prosecution of this proceeding, totaling $385.65, pursuant to SCR 3.450.

8. If Sullivan violates any of the terms of probation stated in this Order within two years of its date of entry, the Kentucky Bar Association may

file a motion with this Court requesting the issuance of a show cause order directing Sullivan to show cause, if any, why the ninety-one (91) day suspension should not be imposed.

9. If, at the expiration of the probationary period of two years, Sullivan has fully complied with the terms herein, then the suspension and all terms of the Movant's probation shall be terminated.

All sitting. All concur.

ENTERED: October 28, 2021.

_____
CHIEF JUSTICE MINTON